## AMERICAN CIGAR CO v C C C & ST L RAILWAY CO

Ohio Appeals, 2nd Dist, Montgomery Co
No. 997. Decided Jan 9, 1931

Mattern, Mattern & Stutz, and A. J. Dwyer, Dayton, for American Cigar Co.

H. M. Routzohn, Dayton, for C. C. C. & St. L. Railway Co.

have narrowed the claims materially and they are now reduced to three, viz, that the court erred in not directing a verdict for the defendant company for the reason that the passage of the ordinance in 1905 and its acceptance by the Railway Co. was a complete common law dedication of said crossing to the city, the crossing thus becoming a public crossing, part of one of the streets of the city, full dominion and control over which being in the city the written agreement of 1908 was without consideration.

(2) In the instruction that §3723 GC provides the exclusive method of acceptance of common law dedication by the city.

(3) In submitting the construction of the application of the ordinance and its acceptance to the jury instead of recognizing the construction as a question of law for the court.

We have given consideration to the briefs of counsel and the authorities cited. The questions are presented in a most helpful manner. The pertinent evidence is set forth in the brief of counsel for defendant in form which could very properly be used as a model for brief makers where it is necessary to make extended reference to a great mass of testimony. The cases cited by counsel for defendant, viz, **Wyoming v The Traction Company, 104 Oh St, 339; Railway Company v Village of Carthage, 36 Oh St 631; Interurban Railway Company v Utilities Commission, 98 Oh St, 287; Interurban Company v City of Cincinnati, 93 Oh St, 108; Wisby v Bonte, et al, 19 Oh St, 238; City of Steubenville v King, 23 Oh St, 610; Winslow v Cincinnati, 9 Ohio Decisions, 89** have all been read and considered. We have reached the conclusion that the trial court committed no error in the particulars claimed by counsel for defendant company.

It is stated in the third proposition of the syllabus in **Railroad Company v Village of Roseville, 76 Oh St, 108:**

"An acceptance, by a city of the dedication of a street cannot be shown by proof of user by the public but it is essential that acts of acceptance by its proper officials be shown."

The record fairly discloses that the only act of the City of Dayton which could be construed to be an acceptance of Hartford Street at the crossing in question is to be found in the ordinance enacted by the city council of date June 5, 1905 the purpose of which was to authorize the Cleveland, Cincinnati, Chicago and St. Louis Railway Company to construct, maintain and use a railroad track across certain streets. Whether or not this ordinance in the light of the

**HORNBECK, J.**

The questions presented were involved and the transcribed evidence offered presents a most voluminous record. Nine grounds are asserted in the petition in error, but counsel

petition of the plaintiff company to the council of date April 24, 1905 and the acceptance of the terms of the ordinance by the plaintiff company in its letter of date June 20, 1905 constituted an acceptance by the city was submitted to the jury as a question of fact. We are familiar with the general rule that the construction or ordinances, contracts and similar instruments is ordinarily for the court, but we see nothing prejudicial in this case in the submission of the question to the jury. It certainly was not prejudicial to the defendant company. If it be granted that the trial court limited the acceptance of statutory or common law dedication to the provisions of §3723 GC, and we believe it did, it worked no hardship on the defendant, because all that was done by the city so far as we are able to find in the record touching the acceptance of a dedication of the crossing at Hartford Street, if any were made, must be referred to the ordinance No. 6541. It thus becomes immaterial whether or not the city could have accepted this street at the crossing in question in any other manner than by the statutory provisions of §3723 GC.

The charge in this case was most comprehensive and fully, correctly and at considerable length presented the law of statutory dedication, common law dedication and establishment by prescription to the jury. We do not find any prejudicial error in the particulars asserted by counsel for defendant company. The judgment of the trial court will therefore be affirmed.

KUNKLE, PJ, and ALLREAD, J, concur.